1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11   DAVID KINDLE,                          )    Case No. EDCV 08-1105-JTL
                                            )
12              Plaintiff,                  )    MEMORANDUM OPINION AND ORDER
                                            )
13        v.                                )
                                            )
14   MICHAEL J. ASTRUE,                     )
     Commissioner of Social Security,       )
15                                          )
                Defendant.                  )
16   _____       )

17                            **PROCEEDINGS**

18        On August 20, 2008, David Kindle ("plaintiff") filed a Complaint seeking review of the

19   Social Security Administration's denial of his application for Supplemental Security Income

20   benefits.   On September 3, 2008, Michael J. Astrue, Commissioner of Social Security

21   ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T.

22   Lum.   On September 16, 2008, plaintiff filed a Consent to Proceed Before United States

23   Magistrate Judge Jennifer T. Lum.   Thereafter, on December 29, 2008, defendant filed an

24   Answer to the Complaint.   On May 1, 2009, the parties filed their Joint Stipulation.

25        The matter is now ready for decision.

26   ///

27   ///

28   ///

1

## BACKGROUND

2          On May 25, 2006, plaintiff filed an application for Supplemental Security Income benefits

3   alleging a disability onset date of April 1, 2002, due to back problems.  (See Administrative

4   Record ["AR"] at 45, 79).  The Commissioner denied plaintiff's application for benefits both

5   initially and upon reconsideration.  (AR at 43, 44, 45, 54).  Thereafter, plaintiff requested a

6   hearing before an Administrative Law Judge ("ALJ").  (AR at 59).

7          On January 7, 2008, the ALJ conducted a hearing in San Bernardino, California.  (See

8   AR at 9, 16-42).  Plaintiff appeared at the hearing with counsel and testified.  (AR at 19-39, 40-

9   41).  Corinne Porter, a vocational expert, also testified at the hearing.  (AR at 35-37, 39-40, 41-

10  42).  On February 14, 2008, the ALJ issued a decision denying benefits to plaintiff.  (AR at 9-

11  15).  In his decision, the ALJ determined that plaintiff had the following severe impairments: a

12  disorder of the cervical spine, a disorder of the lumbar spine, and a disorder of the right leg.

13  (AR at 11).  The ALJ determined that plaintiff did not have an impairment or combination of

14  impairments that meet or equal the criteria contained in the Commissioner's Listing of

15  Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1.  (Id.).  The ALJ determined that

16  plaintiff retained the residual functional capacity to perform light work.  (AR at 11-12).  The ALJ

17  found that plaintiff retained the ability to perform his past relevant work as a telephone

18  technician.  (AR at 14-15).  Accordingly, the ALJ concluded that plaintiff had not been disabled

19  since May 25, 2006, the date he filed his application for benefits.  (AR at 9, 15).  The Appeals

20  Council denied plaintiff's timely request for review of the ALJ's decision.  (See AR at 1, 5).

21          Thereafter, plaintiff appealed to the United States District Court.

22

23

## PLAINTIFF'S CONTENTIONS

24  Plaintiff makes the following claims:

25     1.     The ALJ failed to pose a complete hypothetical to the vocational expert.

26     2.     The ALJ failed to properly consider the type, dosage, effectiveness, and side

27  effects of plaintiff's medications.

28     3.     The ALJ failed to properly consider plaintiff's testimony.

1               **STANDARD OF REVIEW**

2          Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine

3   whether the ALJ's findings are supported by substantial evidence and whether the proper legal

4   standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial

5   evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v.

6   Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

7          Substantial evidence is "such relevant evidence as a reasonable mind might accept as

8   adequate to support a conclusion."  Richardson, 402 U.S. at 401.  This Court must review the

9   record as a whole and consider adverse as well as supporting evidence.  Morgan v. Comm'r,

10  169 F.3d 595, 599 (9th Cir. 1999).  Where evidence is susceptible to more than one rational

11  interpretation, the ALJ's decision must be upheld.  Robbins v. Soc. Sec. Admin., 466 F.3d 880,

12  882 (9th Cir. 2006).

13

14               **DISCUSSION**

15  **A.     The Sequential Evaluation**

16         The Social Security Act defines disability as the "inability to engage in any substantial

17  gainful activity by reason of any medically determinable physical or mental impairment which

18  can be expected to result in death or . . . can be expected to last for a continuous period of not

19  less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has

20  established a five-step sequential process to determine whether a claimant is disabled.  20

21  C.F.R. §§ 404.1520, 416.920.

22         The first step is to determine whether the claimant is presently engaging in substantial

23  gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging

24  in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137,

25  141 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment.

26  Parra, 481 F.3d at 746.  Third, the ALJ must determine whether the impairment is listed, or

27  equivalent to an impairment listed, in Appendix I of the regulations.  Parra, 481 F.3d at 746.

28  If the impediment meets or equals one of the listed impairments, the claimant is presumptively

1   disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment

2   prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45

3   (9th Cir. 2001).  If the claimant cannot perform his or her past relevant work, the ALJ proceeds

4   to the fifth step and must determine whether the impairment prevents the claimant from

5   performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir.

6   2000).

7        The claimant bears the burden of proving steps one through four, consistent with the

8   general rule that at all times, the burden is on the claimant to establish his or her entitlement

9   to disability insurance benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is

10  established by the claimant, the burden shifts to the Commissioner to show that the claimant

11  may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir.

12  2006).

13  **B.      The Hypothetical Question Posed to the Vocational Expert**

14       In his decision, the ALJ found that plaintiff retained the following residual functional

15  capacity:

16       [Plaintiff] has the residual functional capacity to perform light work.

17       Specifically,  [plaintiff] can occasionally lift and/or carry 20 pounds

18       and frequently 10 pounds; he can stand/walk and or sit six hours

19       out of an eight-hour work day; he can sit six hours out of an eight-

20       hour work day; he can frequently climb stairs and occasionally

21       climb ladders, use scaffolds and ropes; he can frequently balance;

22       he can frequently bend; and he can occasionally stoop, crouch,

23       and kneel.

24  (AR at 11-12).  The ALJ found that plaintiff had worked as a telephone technician until 1992,

25  had performed "similar work" for a church in 2002, and that his work as a telephone technician

26  in 2002 qualified as past work for purposes of the disability decision.  (See AR at 14-15;

27  see also AR at 34-35, 36, 37-39, 86-87, 103-04, 112).

28  ///

1    At the January 7, 2008 hearing, the ALJ posed the following hypothetical to the

2 vocational expert:

3              [L]et's assume that . . . telephone technician is past relevant work.

4              . . . [A]ssume an individual the same age, education and work

5              experience as [plaintiff].   The first residual functional capacity

6              hypothetical is full range of medium except for the following

7              postural limitations.  Frequently able to climb ramps and stairs,

8              occasionally able to climb ladders, scaffolds or ropes, frequently

9              able to balance and bend, occasionally able to stoop, crouch and

10             kneel.  Based on these circumstances, could this person perform

11             [plaintiff's] past relevant work?

12 (AR at 39-40).  The vocational expert testified that an individual with these limitations could

13 perform plaintiff's past work as performed in the national economy, but not as actually

14 performed by plaintiff.  (AR at 40).  The ALJ then posed a second hypothetical to the vocational

15 expert, as follows:

16             [A]ssume  the  same  postural  limitations,  but  the  exertional

17             limitations are now light lifting, standing and walking.  Could this

18             person perform [plaintiff's] past work?

19 (Id.).  The vocational expert responded that an individual with these restrictions could also

20 perform plaintiff's past work as generally performed in the national economy.  (Id.).  In his

21 decision, the ALJ relied on the vocational expert's testimony:

22             In  comparing  [plaintiff's]  residual  functional  capacity  with  the

23             physical and mental demands of this work, the undersigned finds

24             that [plaintiff] is able to perform work as a telephone technician,

25             [Dictionary of Occupational Titles], 822.281-018, as generally

26             performed in the national economy.

27

28             This may not be consistent with the Dictionary of Occupational

1          Titles, but I have accepted the vocational expert testimony and find

2          that it is reasonable[.]

3    (AR at 15).

4          Plaintiff now argues that the ALJ failed to pose a complete hypothetical to the vocational

5    expert at the January 7, 2008 hearing.  Specifically, plaintiff contends that the ALJ failed to

6    incorporate all of plaintiff's impairments and limitations into the hypothetical.  (Joint Stipulation

7    at 4-5, 6).  Plaintiff argues that, had the vocational expert been made aware of his significant

8    limitations, such as his limitation to standing or walking for six hours out of an eight-hour work

9    day, she may have offered testimony indicating that plaintiff was unable to sustain employment

10   in any labor market.  (Joint Stipulation at 6).

11         In order for the vocational expert's testimony to constitute substantial evidence, the

12   hypothetical must be based on medical assumptions supported by substantial evidence in the

13   record that reflect each of the claimant's limitations.  Andrews v. Shalala, 53 F.3d 1035, 1044

14   (9th Cir. 1995); Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995).  The hypothetical should

15   be "accurate, detailed and supported by the medical record."  Tackett v. Apfel, 180 F.3d 1094,

16   1101 (9th Cir. 1999); see Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001) ("An ALJ

17   must propound a hypothetical to a [vocational expert] that is based on medical assumptions

18   supported by substantial evidence in the record that reflects all the claimant's limitations.");

19   Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) ("Hypothetical questions posed to the

20   vocational expert must set out all the limitations and restrictions of the particular claimant. . .

21   'If the assumptions in the hypothetical are not supported by the record, the opinion of the

22   vocational expert that claimant has a residual working capacity has no evidentiary value.'")

23   (emphasis in original)).

24         Here, although the ALJ's second hypothetical did not specifically state a limitation of

25   standing or walking for six hours out of an eight-hour work day, it asked the vocational expert

26   to determine whether an individual with the same age, education, work experience and postural

27   limitations as plaintiff, at the light exertional level (i.e., "light lifting, standing and walking"), could

28   perform plaintiff's past work as a telephone technician.  The Dictionary of Occupational Titles

1  ("DOT")[1] assigns each occupation that it chronicles a Physical Demands Strength Rating which

2  reflects the estimated overall strength requirement of the job which are considered to be

3  important for average, successful work performance.  The DOT defines light work as follows:

4  <u>Exerting up to 20 pounds of force occasionally, and/or up to 10</u>

5  <u>pounds of force frequently</u>, and/or a negligible amount of force

6  constantly (Constantly: activity or condition exists 2/3 or more of

7  the time) to move objects.  Physical demand requirements are in

8  excess of those for Sedentary Work.  Even though the weight lifted

9  may be only a negligible amount, a job should be rated Light Work:

10  (1) when it <u>requires walking or standing to a significant degree</u>; or

11  (2) when it <u>requires sitting most of the time</u> but entails pushing

12  and/or pulling of arm or leg controls; and/or (3) when the job

13  requires working at a production rate pace entailing the constant

14  pushing and/or pulling of materials even though the weight of

15  those materials is negligible.

16  <u>Dictionary of Occupational Titles</u>, Fourth Edition, 1991, Appendix C, <u>available at</u> 1991 WL

17  688702 (emphasis added).  Furthermore, the Social Security Rulings provide that "the full range

18  of light work <u>requires standing and walking, off and on, for a total of approximately 6 hours of</u>

19  <u>an 8-hour workday</u>.  Sitting may occur intermittently during the remaining time." Social Security

20  Ruling ("SSR")[2] 83-10 (emphasis added); <u>see</u> <u>also</u> 20 C.F.R. §§ 404.1567(b), 416.967(b) (light

21  work "requires a good deal of walking or standing, or when it involves sitting most of the time

22

23  [1]  The Social Security Administration has taken administrative notice of the Department of Labor's Dictionary of Occupational Titles ("DOT"), 20 C.F.R. § 416.966(d)(1); <u>Massachi v. Astrue</u>, 486 F.3d
24  1149, 1152 n.8 (9th Cir. 2007), which describes the duties and physical requirements of the numerous occupations that it chronicles. <u>Dictionary of Occupational Titles</u>, Fourth Edition, 1991, <u>available at</u> 1991
25  WL 688702; <u>see</u> <u>Pinto</u>, 249 F.3d at 845-46 (observing that "the best source for how a job is generally performed is usually the Dictionary of Occupational Titles").
26

27  [2]  Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 346 n.3 (9th Cir. 1991).  Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent
28  with the Act or regulations." <u>Han v. Bowen</u>, 882 F.2d 1453, 1457 (9th Cir. 1989).

7

1    with some pushing and pulling of arm or leg controls").  Thus, the ALJ's second hypothetical

2    to the vocational expert appears to have included plaintiff's assessed limitations.

3         Notwithstanding this, the Court cannot determine whether the ALJ properly relied on the

4    vocational expert's testimony as substantial evidence in determining that plaintiff could perform

5    work as a telephone technician.  At the hearing, the ALJ failed to ask the vocational expert

6    whether her testimony conflicted with the DOT and, if so, whether there was a reasonable

7    explanation for the conflict.  (See AR at 39-40, 41-42).  Pursuant to SSR 00-4p, before relying

8    on a vocational expert's testimony to support a disability determination, an ALJ must do three

9    things.  First, at the hearing, the ALJ has an "affirmative responsibility to ask about any possible

10   conflict between [the vocational expert's] evidence and information provided in the DOT."  SSR

11   00-4p, 2000 WL 1898704, at *4; see id. at *2 ("At the hearings level, as part of the adjudicator's

12   duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not

13   there is such consistency.").  An ALJ may not rely on a vocational expert's testimony regarding

14   the requirements of a particular job or occupation without first inquiring whether the testimony

15   conflicts with the DOT.  Massachi, 486 F.3d at 1152 ("[W]e address the question whether, in

16   light of the requirements of SSR 00-4p, an ALJ may rely on a vocational expert's testimony

17   regarding the requirements of a particular job without first inquiring whether the testimony

18   conflicts with the Dictionary of Occupational Titles.  We hold that an ALJ may not." (Footnote

19   omitted)).  If the ALJ does not ask the vocational expert whether her testimony conflicts with

20   the DOT, the reviewing court cannot determine whether substantial evidence supports the ALJ's

21   findings.  Id. at 1153-54 (citing Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006)); see

22   also Travis v. Astrue, 477 F.3d 1037, 1042 (8th Cir. 2007) ("This court will not substitute its

23   opinion for the ALJ's, who is in a better position to gauge credibility and resolve conflicts in

24   evidence.").  Second, if the vocational expert's testimony appears to conflict with the DOT, the

25   ALJ must "obtain a reasonable explanation for the apparent conflict."  SSR 00-4p, 2000 WL

26   1898704, at *4.  Third, if the vocational expert's testimony is not consistent with the information

27   in the DOT, the ALJ must "explain in the determination or decision how he or she resolved the

28   conflict. . . . irrespective of how the conflict was identified."  SSR 00-4p, 2000 WL 1898704, at

1   *4; see also Massachi, 486 F.3d at 1153 (stating that "[t]he procedural requirements of SSR

2   00-4p ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony,

3   particularly in cases where the expert's testimony conflicts with the [DOT]").

4           Here, the ALJ failed to satisfy the requirements of SSR 00-4p.  In his decision, the ALJ

5   relied on the vocational expert's testimony in finding that plaintiff was capable of performing

6   work as a telephone technician (DOT No. 822.281-018) as generally performed in the national

7   economy, but specifically stated that his finding "may not be consistent with the Dictionary of

8   Occupational Titles[.]"  (AR at 15).  Although the ALJ identified a possible, but unspecified,

9   conflict between his finding and the DOT, the ALJ failed to ask the vocational expert at the

10  hearing whether her testimony conflicted with the DOT and obtain a reasonable explanation for

11  the conflict.    Moreover, the ALJ's mere statement that he "accepted the vocational expert

12  testimony and [found] that it was reasonable" (AR at 15) did not satisfy his duty of "explain[ing]

13  in the determination or decision how he . . . resolved the conflict."[3]  See SSR 00-4p, 2000 WL

14

15          [3] The Court also notes that, assuming plaintiff's previous job as a telephone technician was properly
    classified as past relevant work, it appears that the ALJ failed to make specific findings of fact regarding
16  the demands of plaintiff's past work as a telephone technician as generally performed in the national
    economy and whether plaintiff retained the residual functional capacity to meet those demands.  In order
17  to determine whether a claimant has the residual functional capacity to perform his past relevant work,
    the ALJ must evaluate the work demands of the past relevant work and compare them to the claimant's
18  present capacity.  See 20 C.F.R. § 416.920(e); Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986).
    Although a claimant has the burden of showing he can no longer perform his past relevant work, see
19  Villa, 797 F.2d at 798 ("The claimant has the burden of proving an inability to return to his former type
    of work and not just to his former job."), the ALJ still has a duty to make the requisite factual findings to
20  support his conclusion.  Pinto, 249 F.3d at 844.  SSR 82-62 states that a determination or decision that
    a claimant has the capacity to perform his past relevant work must contain among the findings the
21  following specific findings of fact: (1) a finding of fact as to the claimant's residual functional capacity;
    (2) a finding of fact as to the physical and mental demands of the past job or occupation; and (3) a
22  finding of fact that the claimant's residual functional capacity permits him to return to the past job or
    occupation.  SSR 82-62, 1982 WL 31386, at *4; Pinto, 249 F.3d at 845. ("This requires specific findings
23  as to the claimant's residual functional capacity, the physical and mental demands of the past relevant
    work, and the relation of the residual functional capacity to the past work.").  Here, the ALJ satisfied the
24  first requirement in that he made sufficiently specific findings of fact regarding plaintiff's residual
    functional capacity.  The ALJ, however, failed to make the required findings of fact regarding the
25  physical and mental demands of plaintiff's past work as a telephone technician as generally performed,
    and whether plaintiff's residual functional capacity permits him to perform work as a telephone
26  technician.  See SSR 82-62, 1982 WL 31386, at *4.  The ALJ's decision noted only that plaintiff admitted
    he "worked as a telephone technician until 1992," and that he performed "similar work for a church" in
27  2002.  (See AR at 14).  The ALJ determined that "the telephone technician work in 2002 qualifies as
28                                                                                                      (continued...)

1 1898704, at *4.  Thus, because the Court cannot determine whether the ALJ properly relied on

2 the vocational expert's testimony, including her responses to the ALJ's hypothetical questions,

3 the Court cannot determine whether substantial evidence supports the ALJ's determination that

4 plaintiff could perform work his past relevant work as a telephone technician despite his

5 limitations.  See Massachi, 486 F.3d at 1154; see also Pinto, 249 F.3d at 846 ("In order for an

6 ALJ to accept vocational expert testimony that contradicts the [DOT], the record must contain

7 'persuasive evidence to support the deviation.'" (quoting Johnson v. Shalala, 60 F.3d 1428,

8 1435 (9th Cir. 1995))).

9 **C.      Remand is Required to Remedy Defects in the ALJ's Decision**

10       The choice of whether to reverse and remand for further administrative proceedings, or

11 to reverse and simply award benefits, is within the discretion of the Court.  McAlister v. Sullivan,

12 888 F.2d 599, 603 (9th Cir. 1989).  Remand is appropriate where additional proceedings would

13 remedy defects in the ALJ's decision, and where the record should be developed more fully.

14 Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

15       Here, the Court finds remand appropriate.  The ALJ erred in failing to ask the vocational

16 expert if her testimony conflicted with the DOT and in relying on the vocational expert's

17 testimony without making specific findings to explain the apparent conflict between the

18 vocational expert's testimony and the DOT.  On remand, the ALJ must determine whether

19 plaintiff can actually perform the requirements of the occupation of telephone technician despite

20 his limitations.  Before relying on a vocational expert's testimony to support his disability

21 determination on remand, the ALJ must comply with the requirements of SSR 00-4p and elicit

22

23

24         [3](...continued)

25 past work for the purposes of this decision" and stated that, "[i]n comparing [plaintiff's] residual functional
capacity with the physical and mental demands of this work, . . . [plaintiff] is able to perform work as a
26 telephone technician, DOT, 822.281-018, as generally performed in the economy."  (AR at 15).  The
ALJ's conclusory statements do not satisfy the demands of SSR 82-62.  See Nimick v. Sec'y, 887 F.2d
27 864, 867 (remanding case for failure to comply with SSR 82-62 and stating, "The ALJ's discussion of
the demands made of a machine operator lacks the specificity and full development and explanation
28 the Social Security regulations and rulings . . . require.").

1  a reasonable explanation for any apparent conflict between the vocational expert's testimony

2  and the DOT, and explain in his written decision how the conflict was resolved.[4]

3

4                                      **ORDER**

5          The Court, therefore, VACATES the decision of the Commissioner of Social Security

6  Administration and REMANDS this action for further administrative proceedings consistent with

7  this Memorandum Opinion and Order.

8          **LET JUDGMENT BE ENTERED ACCORDINGLY.**

9  DATED: May 20, 2009

10                                                      _____/s/_____
                                                        JENNIFER T. LUM
11                                                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

---

25          [4] In the Joint Stipulation, plaintiff also contends that the ALJ failed to properly consider the type, dosage, effectiveness, and side effects of plaintiff's medications and plaintiff's testimony. As explained above, however, the ALJ's error in failing to ask the vocational expert if her testimony conflicted with the DOT and in relying on the vocational expert's testimony without sufficiently explaining the apparent conflict with the DOT constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.

26

27

28